Jacob A. Schroeder (State Bar No. 264717)
Email: jacob.schroeder@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, California 94304
Telephone:    (650) 849-6600
Facsimile:    (650) 849-6666

Lionel M. Lavenue (*pro hac vice*)
Email: lionel.lavenue@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, Virginia 20190
Telephone:    (571) 203-2700
Facsimile:    (202) 408-4400

Attorneys for Defendants
Sony Interactive Entertainment LLC,
Sony Interactive Entertainment America LLC,
Sony Interactive Entertainment Inc.,
Sony Corporation of America,
Sony Mobile Communications (USA) Inc., and
Sony Electronics Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ARRIS SOLUTIONS, INC. and ARRIS ENTERPRISES LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SONY INTERACTIVE ENTERTAINMENT LLC; SONY INTERACTIVE ENTERTAINMENT AMERICA LLC; SONY INTERACTIVE ENTERTAINMENT, INC.; SONY CORPORATION OF AMERICA; SONY MOBILE COMMUNICATIONS (USA) INC.; and SONY ELECTRONICS INC., <br><br> Defendants. | CASE NO. 5:17-CV-01098-EJD <br><br> **SONY'S NOTICE OF MOTION AND MOTION TO STAY** <br><br> Date: December 7, 2017 <br> Time: 9:00 a.m. <br> Judge: Honorable Edward J. Davila <br> Courtroom: 4, Fifth Floor <br><br> Jury Trial Demanded |

## NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** the following Motion to Stay is scheduled for hearing before the Honorable Edward J. Davila on December 7, 2017, at 9:00 a.m. or as soon thereafter, in Courtroom 4, 5th Floor, United States Courthouse, 280 South 1st Street, San Jose, California 95113.

Sony Interactive Entertainment LLC, Sony Interactive Entertainment America LLC, Sony Interactive Entertainment Inc., Sony Corporation of America, Sony Mobile Communications (USA) Inc., and Sony Electronics Inc. (collectively, "Sony" or "Defendants") hereby move this Court for an order staying this case in its entirety until the conclusion of the ITC investigation and the IPR proceedings. Defendants' Motion to Stay is based on this Notice, the Memorandum of Points and Authorities below, the materials attached thereto, the record in this matter, and other evidence or argument that may be presented before the Court in connection with this Motion.

# TABLE OF CONTENTS

I.    INTRODUCTION – THE COURT SHOULD STAY THIS CASE BECAUSE A STAY IS MANDATORY FOR THE ITC-ASSERTED PATENTS AND A DISCRETIONARY STAY IS WARRANTED FOR THE REMAINING TWO PATENTS ...................................................................................................................1

II.   BACKGROUND ........................................................................................................3

    A.    The Patents-at-Issue ......................................................................................4

III.  LEGAL STANDARDS AND ARGUMENT ............................................................5

    A.    A Stay of ARRIS's Claims on The Overlapping Patents is Mandatory .................5

    B.    This Court Should Exercise Its Discretion to Stay ARRIS's Claims on the Non-overlapping Patents ..................................................................................6

        1.    ARRIS Would Not Suffer Any Harm from a Stay ......................................7

        2.    Denial of a Stay for the Non-Overlapping Patents Will Subject Sony to Hardship, Forcing it to Unnecessarily Undergo Duplicative Litigation Efforts ...................................................................................8

        3.    The Stay Will Promote Judicial Efficiency and Simplify The Issues in This Case ..................................................................................10

    C.    Sony's Pending and Forthcoming IPR Petitions Also Supports Staying the Entire Case ..................................................................................................10

        1.    This Case is in Its Early Stages Because Discovery Has Just Begun and No Trial Date Has Been Set ............................................................11

        2.    A Stay Will Simplify the Case Because the Asserted Claims Will Be Invalidated, Estoppel Provisions Will Attach, or the Court Will Benefit From the PTAB's Expertise .................................................................12

        3.    ARRIS Will Not Suffer Undue Prejudice or Tactical Disadvantage From a Stay ..................................................................................14

IV.   CONCLUSION – THE COURT SHOULD STAY THE ENTIRE CASE TO PREVENT DUPLICATIVE LITIGATION, SIMPLIFY THE ISSUES IN THIS CASE, AND PRESERVE JUDICIAL AND PARTY RESOURCES ..............................14

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*ACQIS, LLC v. EMC Corp.*,
   109 F. Supp. 3d 352, 357 (D. Mass. 2015) ...................................................................13

*Avago Techs. U.S. Inc. v. IPtronics, Inc.*,
   No. 5:10-cv-02863-EJD, 2013 WL 623042 (N.D. Cal. Feb. 15, 2013) ...........................5, 6, 8, 10

*Certain Consumer Electronic Devices, Including Televisions, Gaming Consoles,*
   *Mobile Phones and Tablets, and Network-Enabled DVD and Blu-Ray Players*,
   337-TA-1060 ...................................................................................................................1

*CMAX, Inc. v. Hall*,
   300 F.2d 265 (9th Cir. 1962) .........................................................................................6, 7

*DSS Technology Management Inc. v. Apple Inc.*,
   No. 14-cv-05330-HSG, 2015 WL 1967878 (N.D. Cal. May 1, 2015) ............................12

*E-Watch, Inc. v. Lorex Can., Inc.*,
   No. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013) .....................................13

*eBay v. MercExchange*,
   547 U.S. 388 (2006) ...........................................................................................................7

*Ethicon, Inc. v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988) .......................................................................................10

*Evolutionary Intelligence, LLC v. Facebook, Inc.*,
   No. C 13-4202 SI, 2014 WL 261837 (N.D. Cal. Jan. 23, 2014) ...............................11, 12, 13, 14

*Evolutionary Intelligence, LLC v. Millenial Media, Inc.*,
   No. 5:13-cv-04206-EJD, 2014 WL 2738501 (N.D. Cal. June 11, 2014) .......................11, 13

*FormFactor, Inc. v. Micronics Japan Co., Ltd.*,
   No. cv-06-07159 JSW, 2008 WL 361128 (N.D. Cal. Feb. 11, 2008) ................................7, 9, 10

*IXI Mobile (R & D) Ltd. v. Samsung Elecs. Co Ltd*,
   No. 15-CV-03752-HSG, 2015 WL 7015415 (N.D. Cal. Nov. 12, 2015) .......................11, 13

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ............................................................................................................6

*Limestone v. Micron Tech.*,
   No. 15-cv-0278, 2016 WL 3598109 (C.D. Cal. Jan. 12, 2016) .....................................13

SONY'S MOTION TO STAY
Case No. 5:17-CV-01098-EJD

*Neste Oil Oyj v. Dynamic Fuels, LLC*,
   No. 12–662, 2013 WL 424754 (D. Del. Jan. 31, 2013) ...............................................8

*Pragmatus AV, LLC v. Facebook, Inc.*,
   No. 11–cv–02168, 2011 WL 4802958 (N.D. Cal. Oct. 21, 2011) ....................................11, 12, 14

*In re Princo Corp.*,
   486 F.3d 1365 (Fed. Cir. 2007) .........................................................................5

*SanDisk Corp. v. Phison Elecs. Corp.*,
   538 F. Supp. 2d 1060 (W.D. Wisc. 2008) ............................................................7

*Sorensen ex rel. Sorensen Research & Dev. Trust v. Black & Decker Corp.*,
   No. 06CV1572 BTM (CAB), 2007 WL 2696590 (S.D. Cal. Sept. 10, 2007) ..........................7

*Telemac Corp. v. Teledigital, Inc.*,
   450 F. Supp. 2d 1107 (N.D. Cal. 2006) ..............................................................11

*Verve, LLC v. Verifone, Inc.*,
   No. C04-03659JF, 2004 WL 2600452 (N.D. Cal. Nov. 15, 2004) ...................................5

*Visual Interactive Phone Concepts, Inc. v. Samsung Telecomms. Am., LLC*,
   No. 11-12945, 2012 WL 1049197 (E.D. Mich. Mar. 28, 2012) ......................................8

*Zenith Elecs. LLC v. Sony Corp.*,
   No. C 11-02439-WHA, 2011 WL 2982377 (N.D. Cal. July 22, 2011) ...............................6, 7

**Federal Statutes**

19 U.S.C. § 1337(i) ........................................................................................2

19 U.S.C. § 1337(f)(2) ...................................................................................2

28 U.S.C. § 1659 ..........................................................................................1

28 U.S.C. § 1659(a) ...................................................................................1, 5, 6

35 U.S.C. § 120 ...........................................................................................7

35 U.S.C. § 121 ...........................................................................................7

35 U.S.C. § 154 ...........................................................................................7

35 U.S.C. § 314(b) ........................................................................................4

35 U.S.C. § 315(e)(2) .....................................................................................4

35 U.S.C. § 365(c) ........................................................................................7

Tariff Act of 1930 § 337 ...........................................................................2, 3, 5, 6

**Rules**

Fed. R. Civ. P. 26(a) ........................................................................................................2, 3, 11

**Regulations**

19 C.F.R. § 210.3 .......................................................................................................................6

37 C.F.R. § 42.100(c) ................................................................................................................4

37 C.F.R. § 42.107(b) ...............................................................................................................4

82 Fed. Reg. 27,078 (June 13, 2017) ....................................................................................3, 6

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION – THE COURT SHOULD STAY THIS CASE BECAUSE A STAY IS MANDATORY FOR THE ITC-ASSERTED PATENTS AND A DISCRETIONARY STAY IS WARRANTED FOR THE REMAINING TWO PATENTS

Two months after filing this patent infringement action, ARRIS Enterprises LLC filed an International Trade Commission ("ITC") complaint against Defendants and Sony Corporation, alleging infringement of six patents, including two of the four patents at issue here.[1] Shortly thereafter, the ITC instituted an investigation naming Defendants and Sony Corporation as Respondents. *See Certain Consumer Electronic Devices, Including Televisions, Gaming Consoles, Mobile Phones and Tablets, and Network-Enabled DVD and Blu-Ray Players*, 337-TA-1060.[2] Given the mandatory stay provisions under 28 U.S.C. § 1659, this Court must stay ARRIS's infringement claims with respect to U.S. Patent Nos. 8,300,156 and 7,113,502 ("the overlapping patents"). 28 U.S.C. § 1659(a). Notably, on June 27, 2017, ARRIS informed Sony that it did not oppose staying this case as to the overlapping patents, but, on July 7, ARRIS ambiguously suggested that it "may oppose Sony's stay motion in its entirety." Schroeder Decl., ¶ 8. Nonetheless, a stay as to the

---

[1] Plaintiffs in this case, ARRIS Enterprise LLC and ARRIS Solutions Inc., are collectively referred to as "ARRIS" or "Plaintiffs."

[2] This lawsuit ("NDCA #1) is one of three ongoing litigations in which ARRIS accuses Sony of patent infringement.  *See ARRIS Enters. LLC v. Sony Corp.*, No. 5:17-cv-02669-BLF (filed May 9, 2017) ("NDCA #2).  Six of the nine patents collectively asserted in NDCA #1 and #2 overlap with the ITC investigation, as illustrated below:

| Patent | NDCA #1 | NDCA #2 | ITC |
|--------|---------|---------|-----|
| 6,138,147 | X | | |
| 8,300,156 | X | | X |
| 7,107,532 | X | | |
| 7,113,502 | X | | X |
| 6,473,858 | | X | X |
| 6,934,148 | | X | X |
| 7,752,564 | | X | X |
| 9,521,466 | | X | X |
| 6,944,880 | | X | |

SONY'S MOTION TO STAY
Case No. 5:17-CV-01098-EJD

overlapping patents is statutorily mandated, and ARRIS's consent is not required. Thus, the question becomes whether this Court should, under its discretionary authority, stay ARRIS's infringement claims with respect to U.S. Patent Nos. 6,138,147 and 7,107,532 ("the non-overlapping patents"). Sony respectfully submits that it should.

A stay of this case as to the non-overlapping patents will: (1) not harm ARRIS because ARRIS is not entitled to injunctive relief for the non-overlapping patents[3] and, to the extent ARRIS succeeds in this action, delayed recovery of damages does not justify denying a stay; (2) minimize the hardship on Sony (and ARRIS) of litigating two cases in parallel resulting in duplicative discovery efforts; and (3) promote judicial efficiencies because the ITC case will simplify the issues in this case and preserve judicial and party resources.

Further, the Court should also stay this case for the non-overlapping patents because Sony filed a petition for *inter partes* review ("IPR") against the '532 patent at the Patent Office ("PTO") and plans to file an IPR against the '147 patent in short order. Each of the three factors this Court traditionally considers when deciding to whether to stay a case pending IPRs (i.e., (1) stage of the litigation, (2) simplification of issues, and (3) undue prejudice to the nonmoving party) weighs in favor of granting this motion.

First, this case is in its infancy. Discovery has only just begun and a trial date has not been set. Sony has served no discovery requests, and except for the documents accompanying the initial disclosures pursuant to Fed. R. Civ. P. 26(a), no documents have been produced. A *Markman* hearing is scheduled for early next year and expert discovery is set to close over a year from now. Dkt. 46 at 4. Second, a stay would not unduly prejudice ARRIS or place it at a tactical disadvantage for the same reasons ARRIS will not suffer harm from a discretionary stay—ARRIS's recovery (if it recovers anything at all) for the non-overlapping patents is limited to damages because the '147 patent is expired, Sony no longer sells the products accused of infringing the '532 patent, and

---

[3] The '147 patent is expired and Sony no longer sells the products accused of infringing the '532 patent.

delayed monetary relief does not amount to undue prejudice.[4] Further, the pending IPR against the '532 patent is expected to conclude by January 2019,  and Sony expects that the forthcoming IPR against the '147 patent will conclude shortly thereafter. Lastly, staying this litigation will simplify the issues in this case regardless of the outcome of the IPR petitions.  If the PTAB institutes review and cancels all of the asserted claims, ARRIS's infringement counts on the non-overlapping patents will be moot.  And, even if some claims survive, this Court will likely benefit from the PTAB's expertise and/or the accompanying estoppel provisions.

Accordingly, the Court should stay this entire case pending resolution of the ITC investigation and IPR proceedings.

## II.    BACKGROUND

On March 2, 2017, ARRIS filed this suit against Sony, alleging infringement of four patents. Dkt. 3. Approximately two months later, on May 9, 2017, ARRIS Enterprises LLC sued Sony and Sony Corporation at the ITC alleging infringement of six patents, including two of the four patents at issue here—the '156 and '502 patents. Ex. A. On June 7, 2017, the ITC instituted an investigation naming Defendants and Sony Corporation as the respondents (Ex. B), and on June 13, 2017, the Federal Register published the notice of institution. 82 Fed. Reg. 27,078 (June 13, 2017). Within forty-five days from institution, the Administrative Law Judge ("ALJ") at the ITC will issue a target date for the completion of the investigation. Ex. C. If the target date exceeds sixteen months from institution, the ALJ must issue an initial determination—i.e., an initial decision as to whether Section 337 has been violated—at least four months prior to the target date that is subject to review by the Commission. *Id.* Though the ALJ has not yet issued a scheduling order setting a target date, an initial determination is likely to issue within a year—i.e., by July 2018. Schroeder Decl., ¶ 6.

With respect to this pending district court action, discovery has just begun. Sony has not served discovery requests and, except for the documents accompanying the Fed. R. Civ. P. 26(a)

---

[4] This may explain why ARRIS chose not to assert these patents in its ITC complaint. ITC Section 337 investigations offer only two forms of relief: exclusion orders and cease and desist orders. *See* 19 U.S.C. § 1337(i); 19 U.S.C. § 1337(f)(2).

initial disclosures, no documents have been produced. Schroeder Decl., ¶ 7. Claim construction briefing does not begin until December 15, 2017, and a *Markman* hearing will not take place until next year. Dkt. 46. Fact and expert discovery close on May 10, 2018, and July 19, 2018, respectively, and no trial date has been set. *Id.*

In addition to the pending actions here and at the ITC, on July 7, 2017, Sony filed an IPR petition against the '532 patent—a non-overlapping patent—challenging the validity all of the claims ARRIS asserts in this case on multiple grounds.[5] Ex. D. The PTAB must decide whether to institute review within three months of the filing of the patent owner's preliminary response or, if no preliminary response is filed, within six months from the notice of the filing date accorded to the petition. *See* 35 U.S.C. § 314(b); 37 C.F.R. § 42.107(b). Once instituted, IPR proceedings are statutorily mandated to conclude within one year with a final written decision on patentability.[6] 37 C.F.R. § 42.100(c). Given the above framework and deadlines, the PTAB is expected to decide whether to institute Sony's IPR petition on the '532 patent no later than January 2018 (notice of filing dates typically issue within a couple of weeks of petition filings), and if instituted, issue the final written decisions no later than January 2019. Sony similarly intends to file an IPR petition against the '147 patent in short order and expects those proceedings to conclude in a similar timeframe (e.g., within days of the conclusion of the '532 IPR proceeding). Once the PTAB issues a final written decision in an IPR, the petitioner and all real parties-in-interest are estopped from asserting invalidity in a civil action "on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2).

## A.     The Patents-at-Issue

In this case, ARRIS assert infringement of four patents: the '147, '532, '156, and '502 patents. Dkt. 3. At the ITC, ARRIS asserts infringement against two of those patents—the '156 and

---

[5] Sony Corporation is the named petitioner in the petition for IPR, but the Defendants are named as real parties-in-interest to the petition, and are therefore subject to any estoppel provisions resulting from the IPR proceeding. Ex. D; *see* 35 U.S.C. § 315(e)(2).

[6] Although the proceedings can be extended by up to six months on a showing of good cause, 37 C.F.R. § 42.100(c), Sony is unaware of the PTAB granting any such extensions.

1    '502 patents ("the overlapping patents")—and four other others: U.S. Patent Nos. 7,752,564;

2    6,934,148; 6,473,858; and 9,521,466 ("the ITC-asserted patents"). Thus, ARRIS collectively asserts

3    infringement of eight patents in this case and at the ITC. Of the patents at issue here, only two do not

4    overlap with those asserted at the ITC, the '147 and '532 patents ("the non-overlapping patents").

5         Apart from the sameness of overlapping patents, the patents asserted here and in the ITC case

6    are related. Seven of the eight patents at issue here and at the ITC are directed towards software for

7    transmitting, delivering, and/or interfacing with digital content. Ex. A at 28-37; Dkt. 3 at 5. The

8    '532 patent (a non-overlapping patent) and the '156 patent (an overlapping patent) share a named

9    inventor. And the '532 patent (a non-overlapping patent) claims priority to the same provisional

10   application and shares four of the same named inventors as one of the patents at issue in the ITC, the

11   '564 patent (an ITC-asserted patent). Further, in both actions, ARRIS accuses the same products of

12   infringement, namely Sony's gaming consoles, televisions, mobile devices, and Blu-Ray and DVD

13   players of infringing the asserted patents. Ex. A at 21-23; Dkt. 3 at 6-7. Also, in this case, ARRIS

14   accuses Sony's PlayStation Vue of infringing both overlapping patents (the '156 and '502 patents)

15   and one non-overlapping patent (the '147 patent). Dkt. 3 at 6-43.

16   **III.    LEGAL STANDARDS AND ARGUMENT**

17        **A.    A Stay of ARRIS's Claims on The Overlapping Patents is Mandatory**

18        28 U.S.C. § 1659(a) sets forth the mandatory stay provisions that apply when a district court

19   case and an ITC investigation proceed in parallel:

20        In a civil action involving parties that are also parties to a proceeding before the
         United States International Trade Commission under section 337 of the Tariff

21       Act of 1930, at *the request of a party to the civil action that is also a respondent
         in the proceeding before the Commission,* the district court *shall stay,* until the

22       determination of the Commission becomes final, proceedings in the civil action
         with respect to *any claim that involves the same issues involved in the*

23       *proceeding before the Commission,* but only if such request is made within—
                (1) *30 days after the party is named as a respondent in the proceeding*

24              *before the Commission* . . . .

25   U.S.C. § 1659(a) (emphases added); *see Avago Techs. U.S. Inc. v. IPtronics, Inc.*, No.

26   5:10-cv-02863-EJD, 2013 WL 623042, at *2 (N.D. Cal. Feb. 15, 2013) (granting mandatory stay as

27   to patent asserted in parallel district court and ITC cases); *Verve, LLC v. Verifone, Inc.*, No. C04-

28   03659JF, 2004 WL 2600452, at *1 (N.D. Cal. Nov. 15, 2004) (granting stay of patent infringement

SONY'S MOTION TO STAY
Case No. 5:17-CV-01098-EJD

1    suit in district court pending resolution of ITC case). "The purpose of § 1659(a) [is] to prevent

2    infringement proceedings from occurring 'in two forums at the same time.'" *In re Princo Corp.*, 486

3    F.3d 1365, 1368 (Fed. Cir. 2007) (citation omitted).

4         Sony is entitled to a stay of ARRIS's infringement claims based on the overlapping patents—

5    the '156 and '502 patents.  Sony is a named respondent in the ITC investigation and timely filed this

6    motion within thirty days of being so named on June 13, 2017. *See* Ex. B, (Notice of Institution); 82

7    Fed. Reg. 27,078 (June 13, 2017) (publishing notice of institution of Inv. No. 337-TA-1049); 19

8    C.F.R. § 210.3 ("Respondent means any person named in a notice of investigation issued under this

9    part as allegedly violating section 337 of the Tariff Act of 1930."). ARRIS asserts the same

10   infringement claims with respect to the overlapping patents here and at the ITC. Thus, this litigation

11   involves the same issues as the ITC investigation—i.e., invalidity and alleged infringement of the

12   overlapping patents. Accordingly, under 28 U.S.C. § 1659(a), the Court must stay this case as to the

13   '156 and '502 patents.

14        **B.    This Court Should Exercise Its Discretion to Stay ARRIS's Claims on the
               Non-overlapping Patents**

15

16        District courts have inherent authority to manage their dockets and stay proceedings before

17   them. *Avago*, 2013 WL 623042, at *2. "The power to stay proceedings is incidental to the power

18   inherent in every court to control the disposition of the causes on its docket with economy of time

19   and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936).

20   In deciding whether to exercise discretionary power, courts consider three factors: (1) "the possible

21   damage which may result from the granting of a stay;" (2) "the hardship or inequity which a party

22   may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms

23   of the simplifying or complicating of issues, proof, and questions of law which could be expected to

24   result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at

25   254-55). Courts in this district have exercised their discretionary power to "stay patent infringement

26   litigation that is related to, but not duplicative of, an action before the ITC." *Avago*, 2013 WL

27   623042, at *2 (citing *Zenith Elecs. LLC v. Sony Corp.*, No. C 11-02439-WHA, 2011 WL 2982377, at

28

SONY'S MOTION TO STAY
Case No. 5:17-CV-01098-EJD

*2 (N.D. Cal. July 22, 2011)). Here, these three factors weigh in favor of a staying this case as to the non-overlapping patents.

### 1.    ARRIS Would Not Suffer Any Harm from a Stay

No harm would result from a stay because ARRIS's recovery on the two non-overlapping patents, if any, should be limited to monetary damages. As this Court has held, delay in recovery of a monetary damages does not justify denying a stay. *FormFactor, Inc. v. Micronics Japan Co., Ltd.*, No. cv-06-07159 JSW, 2008 WL 361128, at *2 (N.D. Cal. Feb. 11, 2008) (citing *CMAX*, 300 F.2d at 268-69); *see Sorensen ex rel. Sorensen Research & Dev. Trust v. Black & Decker Corp.*, No. 06CV1572 BTM (CAB), 2007 WL 2696590, at *4 (S.D. Cal. Sept. 10, 2007) (granting a stay and explaining that "[t]he general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay" where Plaintiff's claims were "restricted to past monetary damages, which, with the addition of prejudgment interest, are fully capable of compensating Plaintiff"); *SanDisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060, 1068 (W.D. Wisc. 2008) ("Plaintiff's only real 'injury' is that it will have to wait for any money damages, which is always the case when a stay is imposed.").

Here, the '147 patent expired July 14, 2015,[7] so ARRIS could not obtain an injunction to enforce it. *See Zenith*, 2011 WL 2982377, at *3 (noting injunctive relief is not available to an expired, non-overlapping patent). And Sony no longer sells the products/services ARRIS accuses of infringing the '532 patent. Thus, ARRIS cannot show the requisite irreparable harm for injunctive relief as to that patent. *See eBay v. MercExchange*, 547 U.S. 388, 391 (2006) (holding a patentee

---

[7] The '147 patent expired on July 14, 2015. Under 35 U.S.C. § 154, the term of a patent ends twenty years from the U.S. filing date of the application or, if the application references any earlier filed applications under 35 U.S.C. 120, 121, or 365(c), twenty years from the filing date of the earliest of such applications. U.S. Patent Application 08/956,262, which issued as the '147 patent, was filed October 22, 1997. The '147 patent is a continuation-in-part of U.S. Patent Application No. 08/859,860, filed May 21, 1997 (now U.S. Patent No. 5,864,682), which is a continuation of U.S. Patent Application 08/502,480, filed July 14, 1995 (now U.S. Patent No. 5,659,539). Thus, the earliest application which the '147 patent makes specific reference to was filed July 14, 1995, and 20 years from that date is July 14, 2015. As the '147 patent did not receive the benefit of a patent term adjustment, the latest date at which it could have possibly been in force is July 14, 2015.

1  seeking injunction must show, among other things, irreparable harm and that money damages are

2  inadequate to compensate for the alleged harm).  Even if ARRIS could obtain injunctive relief as to

3  the '532 patent, which Sony submits ARRIS cannot, an injunction now or after the stay is lifted

4  would have the same effect because Sony is not practicing the '532 patent. Thus, ARRIS will not

5  suffer any harm if the Court stays this case as to the two non-overlapping patents, particularly for the

6  limited duration of the ITC investigation and the IPR proceedings.

7        Moreover, ARRIS has not moved for a preliminary injunction—a fact which, by itself,

8  indicates that it will not be harmed by any delay in this action because, while it summarily requests

9  preliminary and/or permanent injunctive relief in its complaint, it has not moved for a preliminary

10  injunction in this case. *Neste Oil Oyj v. Dynamic Fuels, LLC,* No. 12–662, 2013 WL 424754  (D.

11  Del. Jan. 31, 2013) ("Plaintiff never sought a preliminary injunction, which suggests that any

12  prejudice to Plaintiff that might result from delaying the ultimate resolution of this dispute is not as

13  severe as it contends.");  *see also Visual Interactive Phone Concepts, Inc. v. Samsung Telecomms.*

14  *Am., LLC,* No. 11-12945, 2012 WL 1049197, at *3 (E.D. Mich. Mar. 28, 2012) ("Plaintiff has not

15  moved for injunctive relief, which further supports a finding that a stay would not be unduly

16  prejudicial.").

17        Further, any delay in obtaining relief would stem, in-part, from ARRIS's own actions

18  because ARRIS chose to wait more than two months after filing its complaint in this Court to file its

19  complaint at the ITC. In a somewhat similar situation, this Court considered, among other things, the

20  patentee's delay in filing an ITC investigation and its knowledge that filing an ITC action would

21  prompt the defendant to move for mandatory and discretionary stays, and found that any harm

22  imposed by the stay on the plaintiffs was "minimal and largely of their own making." *Avago*, 2013

23  WL 623042, at *3.

24        Accordingly, this factor—lack of harm to ARRIS—favors staying this case as to the non-

25  overlapping patents.

26        **2.    Denial of a Stay for the Non-Overlapping Patents Will Subject
             Sony to Hardship, Forcing it to Unnecessarily Undergo**

27        **Duplicative Litigation Efforts**

28

SONY'S MOTION TO STAY
Case No. 5:17-CV-01098-EJD

1    Because the overlapping and non-overlapping patents are directed to similar technology,

2    share a named inventor, and are asserted against the same Sony products, staying this case only as to

3    the overlapping patents would result in unnecessary and duplicative discovery, thereby imposing a

4    hardship on Sony (and requiring needless expenditure by both parties).

5        Allowing this case to continue on the non-overlapping patents would result in essentially two

6    separate actions with overlapping and duplicative discovery. For example, the '532 patent (a non-

7    overlapping patent) and the '156 patent (an overlapping patent) share a common inventor—James A.

8    Billmaier. Proceeding in this action on the '532 patent would mean that Mr. Billmaier would be

9    deposed twice in this district court case: once now with respect to the '532 patent (a non-overlapping

10   patent), and again later with respect to the '156 patent (an overlapping patent) after the mandatory

11   stay is lifted. In a similar situation, this Court has held that such a result imposes a hardship on the

12   defendant that weighs in favor of a stay, explaining that "[w]ithout a stay, the parties would have to

13   conduct multiple depositions of the same witness because of the inventors' ability to speak only to

14   the non-overlapping patents while the overlapping patents are stayed." *FormFactor*, 2008 WL

15   361128, *2.

16       Moreover, the relatedness of the patents asserted in this case and at the ITC suggests that

17   allowing this case to continue on the non-overlapping patent would result in essentially two separate

18   actions with overlapping and duplicative discovery.  The patents at issue here and at the ITC involve

19   similar technology related to software for operating, using, and interfacing with digital media

20   content. That the '532 patent (a non-overlapping patent) and the '564 patent at issue in the ITC claim

21   priority to the same provisional application and share four of the same named inventors highlights

22   the overlap of the issues here and at the ITC. The same is true with respect to the accused products.

23   ARRIS has accused Sony's gaming consoles, televisions, and Blu-Ray and DVD players both here

24   and at the ITC *See* Dkt. 3; Ex. A. Also, in this case, ARRIS accuses Sony's PlayStation Vue of

25   infringing both overlapping patents (the '156 and '502 patents) and one non-overlapping patent (the

26   '147 patent). Dkt. 3 at 6-43. As this Court further noted in *FormFactor*, the similarities in the

27   patented technologies and accused products also risks duplicative litigation efforts. *FormFactor*,

28   2008 WL 361128, at *2. The same is true here.

SONY'S MOTION TO STAY
Case No. 5:17-CV-01098-EJD

1    Accordingly, this factor weighs in favor of staying the entire case.

2

3        **3.      The Stay Will Promote Judicial Efficiency and Simplify The Issues
                   in This Case**

4        This factor warrants staying the entire action because a stay will promote judicial economy

5    by conserving the Court's and the parties' resources and simplifying the issues in the case. Allowing

6    the case on the non-overlapping patents to proceed while the case on the overlapping patents is

7    stayed will result in two separate actions, each proceeding on two separate schedules with different

8    deadlines for discovery, expert reports, a *Markman* hearing, and trial. When faced with overlapping

9    and non-overlapping patents running on two separate tracks, this Court, in *Avago*, found that judicial

10   economy weighed in favor of a stay because "[a] dual schedule . . . may require duplicative

11   discovery, two rounds of expert reports, two rounds of dispositive motions, and ultimately, two

12   trials." *Avago*, 2013 WL 623042, at *3. The same rationale also applies here.

13       With respect to simplification of the issues, the related technology among overlapping and

14   non-overlapping patents, the common inventorship with respect to at least one overlapping and one

15   non-overlapping patent (the '156 and '532 patents, respectively); the fact that one of the non-

16   overlapping patents and one of the ITC-asserted patents (the '532 and '564 patents, respectively)

17   claim priority to the same provisional application; and that ARRIS accuses the same products of

18   infringing the overlapping and non-overlapping patents, suggests the Court will benefit from the ITC

19   investigation and the discovery and decisions rendered in that proceeding. The same was true in

20   *FormFactor*, where the patents related to the same technology and subject matter. In that case, the

21   Court explained that "the ITC's interpretation of the overlapping patents and the additional patents

22   before it could inform this Court about the claims relating to the non-overlapping patents and also

23   narrow the issues in this matter." *FormFactor*, 2008 WL 361128 at *3. For the same reasons, this

24   Court should find that this factor weighs in favor of staying the entire case.

25       **C.      Sony's Pending and Forthcoming IPR Petitions Also Supports Staying
                   the Entire Case**

26

27       The Court's inherent authority to manage its docket includes the power to stay a case

28   "pending conclusion of a USPTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27

SONY'S MOTION TO STAY
Case No. 5:17-CV-01098-EJD

(Fed. Cir. 1988) (citations omitted). And this court has embraced "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *IXI Mobile (R & D) Ltd. v. Samsung Elecs. Co Ltd*, No. 15-CV-03752-HSG, 2015 WL 7015415, at *2 (N.D. Cal. Nov. 12, 2015). That policy holds true even before institution of an IPR petitions, particularly when cases is in an early stage, because of "the short time frame for the initial stay and the Court's willingness to reevaluate the stay if *inter partes* review is not instituted." *See Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. C 13-4202 SI, 2014 WL 261837, at *3 (N.D. Cal. Jan. 23, 2014) ("*Facebook*") (rejecting patentee's argument that a pre-institution stay was premature because of the speed with which institution decisions are granted); *IXI Mobile*, 2015 WL 7015415, at *2 (granting a pre-institution stay when no deadlines had been set for discovery, dispositive motions, pretrial, or trial).

    In deciding whether to grant a stay pending IPR proceedings, courts in this district consider whether (1) discovery is complete and trial date set; (2) a stay will simplify the issues in question and streamline the case; and (3) a stay would unduly prejudice or place at a tactical disadvantage the non-moving party. *Evolutionary Intelligence, LLC v. Millenial Media, Inc.*, No. 5:13-cv-04206-EJD, 2014 WL 2738501, at *3 (N.D. Cal. June 11, 2014) ("*Millenial Media*") (citing *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006).

### 1.    This Case is in Its Early Stages Because Discovery Has Just Begun and No Trial Date Has Been Set

    That this case is in its infancy weighs in favor of a stay because "[t]his district strongly favors granting a stay where there has been no material progress in litigation." *Millenial*, 2014 WL 2738501, at *3. Here, discovery has just begun, a *Markman* hearing is not scheduled until next year, and no trial date has been set. Dkt. 46. With the exception of the documents accompanying the Fed. R. Civ. P. 26(a) initial disclosures, no documents have been produced. Sony has not served any discovery requests, and neither party has noticed or taken any depositions. Contentions on infringement are due July 13, 2017, contentions on invalidity are due August 29, 2017, and contentions on damages are due October 17, 2017. *Id.*

This Court has stayed actions pending IPR proceedings where discovery was further along. For example, in *Pragmatus AV, LLC v. Facebook, Inc.*, this Court granted a stay even though no material progress had been made because "[b]eyond the infringement contentions and possibly the invalidity contentions, no discovery has been produced, and no trial date has been set." No. 11–cv–02168, 2011 WL 4802958, at *2–3 (N.D. Cal. Oct. 21, 2011). Discovery in *DSS Technology Management Inc. v. Apple Inc*., had progressed even farther but this Court found that the case was in its early stages, in part, because trial had not been set. No. 14-cv-05330-HSG, 2015 WL 1967878, at *2 (N.D. Cal. May 1, 2015). There, claim construction had been briefed, one deposition had taken place, and the parties had exchange contention interrogatories and produced over 100,000 pages of documents. *Id*. Accordingly, this factor weighs heavily in favor of a stay.

### 2. A Stay Will Simplify the Case Because the Asserted Claims Will Be Invalidated, Estoppel Provisions Will Attach, or the Court Will Benefit From the PTAB's Expertise

Based on Sony's currently-filed IPR petition on the '532 patent and forthcoming IPR petition against the '147 patent, staying this entire action will simplify the issues in this case by rendering ARRIS's claims moot, providing this Court with PTAB's expertise on the claims in dispute, and/or imposing estoppel provisions on Sony. Sony's IPR petition on the '532 patent seeks review of, among others, all the claims ARRIS asserts here—i.e., claims 1 and 26. Ex. D. The same will be true of Sony's IPR petition against the '147 patent. Schroeder Decl., ¶ 9.

If the PTAB decides to institute review and cancel the claims of non-overlapping patents, ARRIS's infringement case as to the '147 and '532 patents will be rendered moot. *See Facebook*, 2014 WL 261837, at *2. And even if some claims survive, the case would still be simplified because Sony will be estopped from raising arguments that it raised in the IPR and/or because this Court would benefit from the PTAB's analysis of the patents. *Id*.; *see DSS Tech. Mgmt. Inc*., 2015 WL 1967878, at *3 ("Indeed, even if the PTAB decides to institute review and affirms the validity of every asserted claim, the case would still be simplified because 'such a strong showing would assist in streamlining the presentation of evidence and benefit the trier of fact by providing the expert opinion of the PTO.'"). That this motion to stay precedes the PTAB's institution decision weighs, if at all, only slightly against a stay because "it is not uncommon for the court to grant stays pending

SONY'S MOTION TO STAY
Case No. 5:17-CV-01098-EJD

reexamination prior to the PTO deciding to reexamine the patent." *Pragmatus*, 2011 WL 4802958, at *3. In fact, this Court has repeatedly alleviated concerns regarding pre-institution stays by assuring patentees that the Court will revisit and lift the stay should the PTAB decline to institute an IPR petition, further noting that a short stay in the interim is permissible. *See Facebook*, 2014 WL 261837, at *3 ("Therefore, any concern that the motions are premature is alleviated by the short time frame of the initial stay and the Court's willingness to reevaluate the stay if *inter partes* review is not instituted for all of the asserted claims."); *IXI Mobile*, 2015 WL 7015415, at *2 (rejecting patentee's argument that a pre-institution stay was premature because of the Court was willing to, if needed, lift a short-lived stay).  Thus, concerns that the PTAB has not yet instituted the petition against the '532 patent should be levied against this Court's ability to, if needed, lift the stay should the PTAB decline to institute.

Sony further acknowledges that, at present, the '147 patent (a non-overlapping patent) is not presently the subject of a petition for IPR, but Sony is preparing and will soon file a petition for IPR against the '147 patent.  Further, the case will nevertheless be simplified because, as explained above, the petition against the '532 patent will nonetheless simplify the issues in this case, and "it is well-established that the IPR proceedings need not resolve every single asserted claim . . . [and to hold otherwise] conflates simplification of the issues with total resolution of the case, which is not a factor considered by the court when addressing a motion to stay."  *Limestone v. Micron Tech.*, No. 15-cv-0278, 2016 WL 3598109, at *4 (C.D. Cal. Jan. 12, 2016) (quoting *E-Watch, Inc. v. Lorex Can., Inc.*, No. H-12-3314, 2013 WL 5425298, at *6 (S.D. Tex. Sept. 26, 2013)); *see also Evolutionary v. Millenial*, 2014 WL 2738501, at *4 ("[A] stay is not contingent upon IPR resolving every issue in this action.  Instead, the court considers whether the IPR proceedings will streamline the litigation."); *ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 357 (D. Mass. 2015) (granting a stay when only two of the eleven patents-in-suit were challenged in an IPR).  Additionally, that Sony is preparing and will soon file a petition for IPR against the '147 patent should alleviate any potential concerns in this regard.

Accordingly, the Court should find that this factor weights in favor of a stay.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 3.    ARRIS Will Not Suffer Undue Prejudice or Tactical Disadvantage From a Stay

A stay will not impose undue prejudice or a tactical disadvantage on ARRIS because even if it prevailed at trial in this case, as explained in Section III.B.1, *supra*, the '147 patent has expired and Sony no longer sells the products accused of infringing the '532 patent. Thus, ARRIS cannot obtain injunctive relief as to one non-overlapping patent, and is unlikely to be able to obtain such relief as to the other. *See generally Pragmatus*, 2011 WL 4802958, at *3 (finding no prejudice where the patentee could not demonstrate a plausible claim to injunctive relief).

Sony has been diligent in preparing and filing its IPR petitions and the PTO is expected to issue an institution decision for the IPR petition on the '532 patent by January 2018 and, once instituted, a final written decision on patentability must issue by January 2019. A similar schedule is expected for the forthcoming IPR petition against the '147 patent. Thus, any delay resulting from the stay will be limited and temporary. Moreover, this Court has already held that delay inherent in the IPR process, by itself, does not constitute undue prejudice. *See Facebook*, 2014 WL 261837, at *4.

Accordingly, this factor weighs in favor of a stay.

### IV.    CONCLUSION – THE COURT SHOULD STAY THE ENTIRE CASE TO PREVENT DUPLICATIVE LITIGATION, SIMPLIFY THE ISSUES IN THIS CASE, AND PRESERVE JUDICIAL AND PARTY RESOURCES

In view of the mandatory stay of ARRIS's infringement claims on the '156 and '502 patents, a discretionary stay is warranted as to ARRIS's infringement claims on the '147 and '532 patents because staying those proceedings will (1) not harm ARRIS, (2) minimize any hardship on Sony, and (3) preserve judicial economy. Further, this case should be stayed because Sony's IPR petition on '532 patent was filed at the outset of this case and Sony intends to file one on the '147 patent in short order, and those IPR petitions will simplify the issues in this case. For these reasons, Sony respectfully requests that the Court stay this entire case until the conclusion of the ITC investigation and the IPR proceedings.

1    Dated: July 7, 2017                    FINNEGAN, HENDERSON, FARABOW,
                                            GARRETT & DUNNER, LLP
2

3

4                                           By: */s/ Jacob A. Schroeder*
                                                Jacob A. Schroeder
5                                               Attorney for Defendants
                                                Sony Interactive Entertainment LLC,
6                                               Sony Interactive Entertainment America LLC,
                                                Sony Interactive Entertainment Inc.,
7                                               Sony Corporations of America,
                                                Sony Mobile Communications (USA) Inc., and
8                                               Sony Electronics Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28