UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARRIS SOLUTIONS, INC., ET AL., <br><br>Plaintiffs, <br><br>v. <br><br>SONY INTERACTIVE ENTERTAINMENT LLC, et al., <br><br>Defendants. | Case No. 17-cv-01098-EJD (SVK) <br><br>**ORDER ON JOINT LETTER BRIEF RE PLAINTIFF'S INFRINGEMENT CONTENTIONS** <br><br>Re: Dkt. No. 65 |

Before the Court is the parties' joint letter brief concerning a dispute over whether Plaintiff ARRIS Solutions, Inc. ("ARRIS") is required to serve infringement contentions for U.S. Patent Nos. 8,300,156 and 7,113,502, which are the subject of a pending motion to stay. ECF 65. The Standing Order for Patent Cases of Judge Davila, the District Judge in this case, refers any dispute regarding any party's patent disclosures in this case to the assigned Magistrate Judge. For the reasons discussed below, the Court orders ARRIS to provide infringement contentions for the '156 and '502 patents and further reminds the parties of their obligation to comply with all other deadlines in the existing case schedule unless the parties obtain an order from the District Judge changing the schedule.

## I.   PROCEDURAL BACKGROUND

On March 2, 2017, ARRIS filed this case alleging infringement of four patents. ECF 3. On May 18, 2017, Defendants filed a motion to dismiss. ECF 29. The motion to dismiss is set for hearing before the District Judge on October 12, 2017. *Id.*

According to the parties' joint letter brief, approximately two months after ARRIS filed this action, ARRIS filed an ITC action alleging infringement of six patents. ECF 65 at 1-2. Defendants were among the Sony entities named as respondents in the ITC action. *Id.* at 2 n.1.

Two of the four patents-in-suit in this litigation—the '156 and '502 patents (the "overlapping patents")— are included in the ITC action. *Id.* at 2. The other two patents-in-suit (the "non-overlapping patents") are not included in the ITC action.

On July 7, 2017, Defendants filed a motion to stay this case in its entirety. ECF 48. The motion to stay is set for hearing before the District Judge on December 7, 2017. ECF 49. ARRIS does not oppose the motion to stay as it relates to the overlapping patents, but opposes the motion to stay as it relates to the non-overlapping patents. ECF 52.

On June 23, 2017, the District Judge issued a scheduling order in this case. ECF 46. The first event was a July 13, 2017 deadline for ARRIS to serve its infringement contentions. *Id.* According to the parties' joint letter brief, on that date ARRIS served infringement contentions for the non-overlapping patents, but did not include infringement contentions for the two overlapping patents. In the joint letter brief, Defendants ask the undersigned to either order ARRIS to produce infringement contentions for the overlapping patents or dismiss those patents. *Id.* at 1. As a compromise, Defendants propose that ARRIS serve infringement contentions for the overlapping patents, and that Defendants will not oppose a motion by ARRIS for leave to amend its contentions to include those patents. *Id.* ARRIS proposes as a compromise that the parties file a stipulation staying the case under 28 U.S.C. § 1659 as to the overlapping patents. *Id.*

II. **DISCUSSION**

ARRIS argues that it should not be required to provide infringement contentions for the overlapping patents in light of the pending motion to stay. See ECF 65 at 4-5. ARRIS did not oppose Defendants' motion to stay this case as it relates to the overlapping patents. *See* ECF 50. Nevertheless, the District Judge has not yet ruled on Defendants' motion to stay, and thus the scheduling order remains in place. Under this district's local rules, a Court order is required for any enlargement or shortening of time that alters an event or deadline already fixed by Court order. Civil L.R. 6-1(b). A request for a Court order enlarging or shortening time may be made by written stipulation pursuant to Civil L.R. 6-2 or motion pursuant to Civil L.R. 6-3. *Id.* Although it appears from the joint letter brief that the parties were close to reaching agreement on a stipulation that would have stayed the case as to the overlapping patents, which (if approved by

2

the District Judge and depending on the terms of the stipulation) might have suspended the deadline for ARRIS's infringement contentions for those patents, ultimately the parties were unable to reach agreement. Nor did any party file a motion under Civil Local Rule 6-3 seeking to change the case schedule. Given the parties' apparent disagreement as to the status of their negotiations over a stipulation, and particularly in light of Defendants' statement that they would not oppose a motion for leave to amend the infringement contentions to include contentions for the overlapping patents (ECF 65 at 1), the Court hereby ORDERS ARRIS to provide its infringement contentions for the '156 and '502 patents no later than September 26, 2017. The parties are further instructed to comply with the existing case schedule (ECF 46, as modified by ECF 61 and 67) unless and until the District Judge modifies that schedule.

The Court notes that, in addition to filing their joint letter brief concerning whether ARRIS's infringement contentions for the overlapping patents were due according to the existing case schedule, the parties have also recently presented the Court with two stipulations seeking changes to that case schedule, both of which were granted. ECF 61 (order granting stipulation to change deadline for invalidity contentions); ECF 67 (order granting stipulation to change deadline for exchange of proposed claim terms). As a result, the Court has already been required to intervene in a piecemeal fashion as to the first three events set forth in the case schedule. In light of this history and the number of existing case deadlines between now and the hearing on Defendants' motion to stay, the Court urges the parties to meet and confer immediately as to whether they believe any further adjustments to the case schedule are necessary and, if so, to promptly present the issue to the District Judge in a single stipulation or motion as appropriate under Civil Local Rule 6.

**SO ORDERED.**

Dated: September 12, 2017

SUSAN VAN KEULEN
United States Magistrate Judge