United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARRIS SOLUTIONS, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SONY INTERACTIVE ENTERTAINMENT LLC, et al.,<br><br>    Defendants. | Case No. 5:17-cv-01098-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY**<br><br>Re: Dkt. No. 48 |

Plaintiffs Arris Enterprises LLC and Arris Solutions, Inc. (collectively, "Plaintiffs") allege in this action that a collection of Sony-related entities, namely Sony Interactive Entertainment LLC, Sony Interactive Entertainment America LLC, Sony Interactive Entertainment, Inc., Sony Corporation of America, Sony Mobile Communications (USA), Inc., and Sony Electronics Inc. (collectively, "Defendants"), infringe four of their patents: U.S. Patent Nos. 6,138,147; 8,300,156; 7,107,532; and 7,113,502. But shortly after the Complaint was filed here, Plaintiffs filed a separate complaint against Defendants before the International Trade Commission ("ITC") involving, among others, two of the four patents-in-suit (the '156 and '502 patents). The ITC then instituted an investigation based on Plaintiffs' complaint.

The ITC investigation is not the only additional proceeding between these parties, however. Since the commencement of this action, Defendants have also filed petitions for inter parties review ("IPR") of all four patents-in-suit. Thus, at this point, the '156 and '502 patents are

Case No.: 5:17-cv-01098-EJD
ORDER GRANTING DEFENDANTS' MOTION TO STAY

1

the subjects of both an ITC proceeding and IPR petitions, and the '147 and '532 patents are themselves the subjects of IPR petitions.

Defendants now move to stay this action. Dkt. No. 48. Plaintiffs do not oppose a stay as to the patents asserted in both this case and the ITC investigation,[1] but do oppose the request to stay as to the balance of the patents. What remains is only whether a discretionary stay of the proceedings is warranted with respect to the '147 and '532 patents.

This matter is suitable for decision without oral argument, and the hearing date associated with this motion is VACATED. Civ. L.R. 7-1(b). On the limited issue presented, the court finds, concludes and orders as follows:

1. Though there are two legal standards to potentially apply here, only one requires discussion. The district court possesses an inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Using this power, one case may be stayed in favor of another. Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1997) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court"); accord Procter & Gamble Co. v. Kraft Goods Global, Inc., 549 F.3d 842, 848-49 (Fed. Cir. 2008).

2. To determine whether a Landis stay should be implemented, various interests must be considered and balanced: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55). Whether to grant a request

---

[1] Indeed, such a stay is mandatory under 28 U.S.C. § 1659(a).

Case No.: 5:17-cv-01098-EJD
ORDER GRANTING DEFENDANTS' MOTION TO STAY
2

for a Landis stay is a matter entrusted to the discretion of the district court. See Landis, 299 U.S. at 254 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

3. When weighing the relevant interests, the court must be mindful that "if there is even a fair possibility that the stay for which he prays will work damage to someone else," the moving party "must make out a clear case of hardship or inequity in being required to go forward." Id. at 255. Indeed, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." Id.

4. Looking at the first Landis factor, Defendants argue that staying this action in its entirety will not harm Plaintiffs because only monetary damages, as opposed to injunctive relief, are at issue. Plaintiffs do not argue otherwise, nor could they in good faith, but focus primarily on the delay created by a stay and the possible loss of evidence. But neither the length of delay nor the possibility that unspecified evidence could be lost translates to a serious form of harm, whether considered separately or cumulatively. To be sure, "[a] delay in compensation for past harms does not equate to a strong showing of prejudice." Bay Area Surgical Grp. v. Aetna Life Ins. Co., No. 5:13-cv-05430 EJD, 2014 WL 2759571, at *5 (N.D. Cal. June 17, 2014) (citing CMAX, Inc., 300 F.2d at 268-69). Furthermore, Plaintiffs' nebulous contention about the loss of evidence is not specific enough to be persuasive; exactly what evidence is at risk and how it could possibly be lost is a mystery. The basic tenet that testimonial evidence is more reliable when obtained soon after the relevant events is a non-starter since, while making this argument, Plaintiffs simultaneously observe that the inventions described in the '147 patent were invented decades ago, and Sony no longer sells several of products accused of infringing the '532 patent. Even if discovery were to full proceed now, Plaintiffs would already be challenging the memories of witnesses. This factor does not weigh against a stay.

5. Turning to the second factor, Defendants state that the effort and expense of litigating this action while also litigating before the ITC will cause it hardship. To that end,

Case No.: 5:17-cv-01098-EJD
ORDER GRANTING DEFENDANTS' MOTION TO STAY

3

Defendants note the strong potential for duplicative discovery given the overlapping technology covered by the patents-in-suit, as well as the fact that witnesses common to both actions, such as inventors, would need to be deposed twice. The burden of simultaneous litigation is not generally relevant to a Landis analysis. See Am. Honda Motor. Co., Inc. v. Coast Distribution Sys., Inc., No. C 06-04752 JSW, 2007 WL 672521, at *2 (N.D. Cal. Feb. 26, 2007); see also Lockyer, 398 F.3d at 1112. But when "the opponent does not adduce evidence that it will be harmed by a stay . . . courts have considered the moving party's burden in litigating the case to be a legitimate form of hardship." In re Am. Apparel Shareholder Derivative Litig., No. CV 10-06576 MMM (RCX), 2012 WL 9506072, at *45 (C.D. Cal. July 31, 2012). Such is the case here. This factor weighs in favor of a stay.

6. Finally, the court considers whether a stay promotes efficiency or could simplify issues presented by this action. It would. The prospect of proceeding on half of this case now while the other half is abated is not one any court would deem efficient, or one any party to litigation should embrace. One patent infringement case is complex enough, but creating two cases out of one, each with separate discovery deadlines, claim construction hearings, dispositive motions, and trials, is unnecessarily burdensome and an unwise allocation of judicial resources. Moreover, the substantial similarities between the patents means the proceedings before the ITC will undoubtedly and valuably inform the parties and the court once they conclude. This factor, therefore, weighs strongly in favor of a stay.

On balance, the relevant Landis factors support the relief requested by Defendants. Accordingly, the motion to stay (Dkt. No. 48) is GRANTED. Because this determination provides Defendants complete relief at this time, the court need not address the propriety of a stay based on the IPR petitions. However, that issue may be renewed should the stay imposed by this order expire before IPR proceedings have concluded.

This action is STAYED in its entirety until the conclusion of the ITC investigation. Within 10 days of the conclusion of the ITC investigation, the parties shall file a joint notice informing the court of that development and should request the scheduling of a Case Management

Conference.

All other pending deadlines and hearing dates are VACATED, and any pending motions are DENIED WITHOUT PREJUDICE.  The Clerk shall administratively close this file.

**IT IS SO ORDERED.**

Dated:  October 10, 2017

_____
EDWARD J. DAVILA
United States District Judge